**Magnolia BELFIELD, Plaintiff–Appellant,**

v.

**CITY OF SAN JOSE; et al.,
Defendants–Appellees.**

No. 02–15272.

D.C. No. CV–00–20732–RMW.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Magnolia Belfield appeals pro se the district court's summary judgment in favor of defendants in her action alleging selective enforcement of San Jose code enforcement laws based on race and illegal search of her residence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

The district court properly granted summary judgment in favor of defendant City of San Jose because Belfield failed to present any evidence demonstrating constitutional deprivations resulting from an official governmental policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

The district court properly granted summary judgment on Belfield's selective enforcement claim because she failed to present evidence sufficient to create a genuine of issue of material fact concerning whether defendants targeted her because of her race. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) (holding that party opposing summary judgment does not show "genuine issue for trial" by "replac[ing] conclusory allegations of the complaint or answer with conclusory allegations of an affidavit").

The district court also properly granted summary judgment on Belfield's illegal search claim because she failed to present evidence sufficient to create a genuine issue of material fact concerning whether the search of her residence was unlawful. *See id.*

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies Belfield's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.